**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | No.4:05CR667SNL |
| | ) | |
| **ROBERT D. WACHTER, AMERICAN** | ) | |
| **HEALTHCARE MANAGEMENT,** | ) | |
| **CLAYWEST HOUSE HEALTHCARE,** | ) | |
| **OAK FOREST NORTH, and** | ) | |
| **LUTHERAN HEALTHCARE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on the United States Magistrate Judge's Order and Recommendation (#101), filed July 14, 2006. On or about August 1, 2006 defendant Wachter filed his objections to the Magistrate Judge's report (#102). On or about August 1, 2006 the "organizational defendants" filed their objections to the Magistrate Judge's report (#103). On or about August 9, 2006 the Government filed its response to the Magistrate Judge's report (#109).

Contrary to defendant Wachter's assertions, Magistrate Judge Noce's thorough report does not "ignore[s] the fatal flaws in the Indictment in the case"; nor does it fail to address the Government's "own inconsistencies in how it argues its `worthless services theory'; and nor does the Magistrate Judge fail to protect the "fundamental Constitutional rights of Wachter." In fact, the report goes to great length to address all material concerns raised.

Finally, defendant Wachter reargues his contention that both the Magistrate Judge and the Government "misquote" a relevant section of 42 U.S.C. §1320c-5. Defendant Wachter states:

"Judge Noce cites paragraph 32 of the Indictment and states:

> `The Indictment alleges that the providers are prohibited from
> submitting claims that are `of a quality which fails to meet
> professionally recognized standards of health care." (Judge Noce's
> Recommendation, p. 13). Wachter has pointed out in his
> Memorandum of Law that the Government misquoted the statute,
> that it has nothing to do with the submission of claims and that the
> quoted language `providers are prohibited from submitting . . .' is
> nowhere to be found in the statute quoted. (Wachter's Memorandum
> of Law in Support of Motion to Dismiss, pp. 9-10)(Doc.48-2).
> Surprisingly, Judge Noce does not say the Government misquoted the
> statute; nor does he explain his adoption of the Government's
> erroneous quotation. Nor does he address Wachter's argument relating
> to the misquote and the Government's reliance on the faulty premise
> that federal law prohibits the submission of claims that are for care
> that fails to meet regulatory standards. That premise is at the crux
> of the Government's Indictment, yet the Recommendation fails to
> address the fact that the only statute the Government cites in support
> of that premise is misquoted."

Defendant Wachter's Objections (#102), pgs. 1-2.

Although Defendant Wachter does not cite the statute he refers to in his Objections, the Court has reviewed his Memorandum of Law and the instant report, and presumes that he is referring to 42 U.S.C. §1320c-5. This statute reads, in pertinent part:

> **§1320c-5. Obligations of health care practitioners and providers
> of health care services; sanctions and penalties; hearings and review**
>
> (a) Assurances regarding services and items ordered or provided by
> practitioner or provider
>
> It shall be the obligation of any health care provider and any other
> person (including a hospital or other health care facility, organization,
> or agency) who provides health care services for which payment may
> be made (in whole or in part) under this chapter, to assure, to the extent
> of his authority that services or items ordered or provided by such
> practitioner or person to beneficiaries and recipients under this chapter –
>
> **(2) will be of a quality which meets professionally recognized
> standards of health care;**

The Court finds that the report does properly cite to the instant statute and that the remainder of defendant Wachter's argument is meritless.

As for the objections to the report raised by the "organizational defendants", the Court has reviewed same and finds them to be meritless.

After receiving and carefully reviewing all objections to the United States Magistrate Judge's Report and Recommendation,

**IT IS HEREBY ORDERED** that United States Magistrate Judge David D. Noce's Order and Recommendation (# 101), filed July 14, 2006, is **SUSTAINED, ADOPTED** and **INCORPORATED** herein. Upon review of the Magistrate Judge's Report and Recommendation, the parties' pleadings, and the evidentiary hearing transcript, as well as relevant caselaw, the Court concurs with the Magistrate Judge's findings and recommendation.

**IT IS FURTHER ORDERED** that defendant Wachter's motion to dismiss the indictment (#48)[1] be and is **DENIED.**

**IT IS FINALLY ORDERED** that defendant Wachter's motion to sever (#46)[2] be and is **DENIED.**

Dated this   23rd   day of August, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Defendant Wachter filed the motion; however, the remaining defendants joined in the motion (#62, #70).

[2] Defendant Wachter filed the motion; however, the remaining defendants joined in the motion (#62).